IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANEECE FIELDS, ) | CIVIL 15-00015 LEK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NATIONSTAR MORTGAGE LLC; ) | |
| CHARTER CAPITAL CORPORATION; ) | |
| AURORA LOAN SERVICING LLC; ) | |
| AURORA BANK; STRUCTURED ) | |
| ASSETS SECURITIES ) | |
| CORPORATION, aka SASCO; ) | |
| CITIBANK N.A. AS TRUSTEE FOR ) | |
| THE SASCO MORTGAGE PASS- ) | |
| THROUGH CERTIFICATES 2005-17 ) | |
| POOL GROUP 4; LEHMAN BROTHERS ) | |
| HOLDINGS INC.; MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS, aka MERS; MERSCORP ) | |
| HOLDINGS, INC.; and DOE ) | |
| ENTITIES 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHARTER CAPITAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT <u>OR, IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL OF COMPLAINT</u>**

On August 31, 2015, this Court issued its Order Granting in Part and Denying in Part Defendant Charter Capital Corporation's Motion for Summary Judgment or, in the Alternative, for Partial Dismissal of Complaint ("8/31/15 Order"). [Dkt. no. 57.[1]] On September 3, 2015, Defendant Charter Capital Corporation ("Charter Capital") filed a motion for partial

---

[1] The 8/31/15 Order is also available at 2015 WL 5162469.

reconsideration of the 8/31/15 Order ("Motion for Reconsideration").  [Dkt. no. 59.]  Pro se Plaintiff Janeece Fields ("Fields") filed her memorandum in opposition on September 17, 2015, and Charter Capital filed its reply on September 30, 2015.  [Dkt. nos. 71, 86.]  Fields filed a surreply on October 5, 2015.  [Dkt. no. 90.]  Defendant Nationstar Mortgage LLC ("Nationstar") filed a statement of no opposition to the Motion for Reconsideration on September 17, 2015.  [Dkt. no. 70.]

        The Court has considered this matter as a non-hearing motion pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Charter Capital's motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

        The instant case arises from a refinancing loan, secured by a Mortgage, that Fields obtained from Charter Capital in 2005, and that Nationstar later foreclosed upon.  The Complaint, [filed 1/15/15 (dkt. no. 1),] alleges the following claims: "misrepresentation ('Count I'); breach of contract ('Count II'); fraud, deceit, and concealment ('Count III'); civil conspiracy ('Count IV'); a claim to cancel the Mortgage and the

Nationstar Assignment ('Count V'); quiet title ('Count VI'); 'Equitable Bill Quia Timet' ('Count VII'); and unjust enrichment ('Count VIII')." [8/31/15 Order at 5 (footnotes omitted) (citing Complaint at § IX).]

This Court "denied summary judgment to Charter Capital as to Fields's claims based on Charter Capital's alleged fabrication of the Transfer Notices,"[2] and "granted summary judgment in favor of Charter Capital as to all of Fields's other claims against it." [Id. at 22.] To the extent that Fields attempted to base Counts III, IV, V, and VI on Charter Capital's alleged fabrication of the Transfer Notices (collectively "the Notice Fabrication Claims"), this Court dismissed those claims without prejudice, and gave Fields until September 30, 2015 to file an amended complaint.[3] [Id. at 22-23.]

---

[2] The "Transfer Notices" are the: Notice of Assignment, Sale or Transfer of Servicing Rights from Charter Capital to Lehman Brothers Bank, FSB ("Lehman Brothers"), effective October 1, 2005 ("Notice of Lehman Brothers Assignment"); and the Notice of Servicing Transfer Letter, dated August 19, 2005, to Plaintiff from Charter Capital regarding the transfer of her mortgage loan account to Aurora Loan Services LLC ("Aurora" and "Notice of Aurora Transfer"). [8/31/15 Order at 14, 17; Charter Capital's Concise Statement, filed 6/19/15 (dkt. no. 25), Decl. of Mark Lachtman, Exhs. G, H.]

[3] This Court notes that Fields filed her First Amended Complaint for Fraud & Misrepresentation ("Amended Complaint") on September 28, 2015. [Dkt. no. 83.] The allegations and claims in the Amended Complaint are not relevant to the instant Motion for Reconsideration.

In the instant Motion, Charter Capital argues that this Court should reconsider the 8/31/15 Order and grant summary judgment in its favor as to the Notice Fabrication Claims.[4]

**STANDARD**

This Court has explained the standard applicable to motions for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) (citation omitted).

---

[4] Fields also filed a motion for reconsideration of the 8/31/15 Order on September 21, 2015. [Dkt. no. 77.] That motion is still pending, and the instant Order has no effect on Plaintiff's motion.

**DISCUSSION**

Charter Capital argues that this Court should have granted summary judgment in its favor as to the Notice Fabrication Claims because Charter Capital "had no obligation to notify Fields, or to obtain her consent, before assigning the Note to Lehman Brothers and transferring the servicing to Aurora." [Mem. in Supp. of Motion for Reconsideration at 2.] Charter Capital therefore argues that, even if there is an issue of fact as to "whether or not Fields signed or received the Transfer Notices," the issue is not material. [Id.]

Charter Capital's argument is misplaced.  This Court acknowledged that whether Fields received the Transfer Notices was not material, and it expressly stated that the issue did not preclude it from granting summary judgment as to the Notice Fabrication Claims. [8/31/15 Order at 16 n.7.] Charter Capital used one, or both, of the Transfer Notices as part of its sale of Fields's loan to Lehman Brothers. Defendant Mortgage Electronic Registration Systems ("MERS"), as the nominee of Charter Capital and its successors and assigns, ultimately transferred Fields's loan to Nationstar. Even assuming that Charter Capital was not required to provide the Notice of Lehman Brothers Assignment to Fields, the fact remains that it submitted a version of that document to this Court as evidence to establish part of the series of transactions involving Fields's loan.  That version

5

bears what purports to be Fields's signature.  However, Fields has expressly stated that she "do[es] not recall ever seeing [the Notice of Lehman Brothers Assignment] before these recent lawsuits."  [Decl. of Janeece Fields in Supp. of Pltf.'s Opp. to Def. Charter Capital's Motion for Summary Judgment ("Fields Decl."), filed 7/28/15 (dkt. no. 40), at ¶ 4.]  Fields made similar, although not identical, statements regarding the Notice of Aurora Transfer.  [8/31/15 Order at 14 (citing Fields Decl. at ¶¶ 4-5).]  Thus, this Court found that Fields arguably raised a genuine issue of fact as to the validity of the Transfer Notices.  [Id. at 17.]

In Counts III through VI of the Complaint, Fields alleged that the defendants, including Charter Capital, conspired to defraud her by, inter alia, "engaging in concealment, deceit and fraudulent misrepresentations and fabrication of documents." [Complaint at § XI, p. 4.]  The use of the allegedly fabricated Transfer Notices in transactions involving Fields's loan was arguably within the scope of the allegations in Counts III through VI.  This Court therefore found that the genuine issue of fact as to the authenticity of the Transfer Notices was material to the Notice Fabrication Claims.

The Motion for Reconsideration does not present any newly discovered evidence or intervening change in the controlling law that warrants reconsideration of this Court's

rulings regarding the Notice Fabrication Claims.  Further, Charter Capital has not established that this Court committed a clear error of law or fact, nor has it established that the 8/31/15 Order was manifestly unjust.  Charter Capital essentially disagrees with this Court's rulings, and that is not grounds for reconsideration.  See Barnes, 16 F. Supp. 3d at 1183.  This Court therefore CONCLUDES that Charter Capital has not established any ground that warrants reconsideration of the 8/31/15 Order.

## CONCLUSION

On the basis of the foregoing, Charter Capital's Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendant Charter Capital Corporation's Motion for Summary Judgment or, in the Alternative, for Partial Dismissal of Complaint, filed September 3, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 6, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JANEECE FIELDS VS. NATIONSTAR MORTGAGE, LLC, ET AL; CV 15-00015 LEK-BMK; ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHARTER CAPITAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL OF COMPLAINT**