```
           IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

JANEECE FIELDS,                  )   CIVIL 15-00015 LEK-BMK
                                 )
         Plaintiff,              )
                                 )
    vs.                          )
                                 )
NATIONSTAR MORTGAGE LLC;         )
CHARTER CAPITAL CORPORATION;     )
AURORA LOAN SERVICING LLC;       )
AURORA BANK; STRUCTURED          )
ASSETS SECURITIES                )
CORPORATION, aka SASCO;          )
CITIBANK N.A. AS TRUSTEE FOR     )
THE SASCO MORTGAGE PASS-         )
THROUGH CERTIFICATES 2005-17     )
POOL GROUP 4; LEHMAN BROTHERS    )
HOLDINGS INC.; MORTGAGE          )
ELECTRONIC REGISTRATION          )
SYSTEMS, aka MERS; MERSCORP      )
HOLDINGS, INC.; and DOE          )
ENTITIES 1-5O,                   )
                                 )
         Defendants.             )
_____  )
```

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On August 31, 2015, this Court issued its Order Granting in Part and Denying in Part Defendant Charter Capital Corporation's Motion for Summary Judgment or, in the Alternative, for Partial Dismissal of Complaint ("8/31/15 Order"). [Dkt. no. 57.[1]] On September 21, 2015, pro se Plaintiff Janeece Fields ("Fields" or "Plaintiff") filed a motion for reconsideration of

---

[1] The 8/31/15 Order is also available at 2015 WL 5162469.

the 8/31/15 Order ("Motion for Reconsideration").[2] [Dkt. no. 77.] Defendant Charter Capital Corporation ("Charter Capital") and Defendant Nationstar Mortgage LLC ("Nationstar") each filed its memorandum in opposition on October 8, 2015. [Dkt. nos. 96, 97.] The Court has considered this matter as a non-hearing motion pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Fields's motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The background of the instant case is set forth in the 8/31/15 Order and in this Court's October 6, 2015 order denying Charter Capital's motion for reconsideration of the 8/31/15 Order ("10/6/15 Order"). [Dkt. no. 94.[3]] This Court will only repeat the background that is necessary to address the arguments in Fields's Motion for Reconsideration.

---

[2] Fields's motion is titled "Plaintiff's Motion for Reconsideration of Court's 9/4/2015 Order Granting in Part and Denying in Part Charter Capital's Motion for Summary Judgment or Dismissal of Complaint." This Court did issue an entering order on September 4, 2015, but it merely set forth the briefing schedule for another motion for reconsideration of the 8/31/15 Order. It is clear from the content of Fields's Motion for Reconsideration that she seeks reconsideration of the 8/31/15 Order, not the September 4, 2015 entering order.

[3] The 10/6/15 Order is also available at 2015 WL 5884858.

Fields argues that, to the extent that this Court made rulings in favor of Charter Capital in the 8/31/15 Order, this Court made multiple errors of law and fact. In particular, Fields argues that:

1) her claims regarding fraud in her mortgage documents are not barred by the statute of limitations;

2) there was not a valid contract between her and Charter Capital;

3) even if there was a contract, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq.*, "required notification of transfer," regardless of the terms her mortgage documents; [Motion for Reconsideration at 2;]

4) there is new evidence that Lehman Brothers Bank, FSB ("Lehman Brothers") "never purchased the alleged Note from Charter Capital Corporation and thus never notified Plaintiff of the alleged transfer or sale of the alleged loan"; [id. at 2;] and

5) this Court erred in stating that Fields does not contest the fact that she entered into a loan agreement with Charter Capital and that she signed the mortgage and note.

### **STANDARD**

In the 10/6/15 Order, this Court explained the standard applicable to motions for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence,"

3

> (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004).
>
> <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration." <u>Barnes v. Sea Hawaii Rafting, LLC</u>, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) (citation omitted).

[10/6/15 Order at 4.]

## DISCUSSION

**I.** **<u>Timeliness of the Motion</u>**

Pursuant to Local Rule 60.1, a motion for reconsideration asserting "[m]anifest error of law or fact . . . must be filed and served not more than fourteen (14) days after the court's written order is filed." Because Fields was served with the 8/31/15 Order by mail, she had an additional three days to file her motion for reconsideration. <u>See</u> Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).").[4] Fields, however, did not file her Motion for Reconsideration until September 21, 2015, twenty-one days

---

[4] Fed. R. Civ. P. 5(b)(2)(C) states: "A paper is served under this rule by: . . . mailing it to the person's last known address – in which event service is complete upon mailing."

4

after the filing of the 8/31/15 Order.

The copy of the 8/31/15 Order that the Clerk's Office mailed to Fields was returned, marked "Return to Sender, Temporarily Away." [Dkt. no. 65.] On October 1, 2015, Fields filed a notice stating that she could not file the Motion for Reconsideration before September 21, 2015 because "from late August to mid-September Plaintiff received court filings late due to temporary mail forwarding errors and delays." [Dkt. no. 88 at 1.] She states that she has corrected the error at the post office, and she has also learned how to access filings through the Public Access to Court Electronic Records ("PACER") system.

In light of Fields's representations, this Court will consider her Motion for Reconsideration, even though she did not file it within the period specified under the applicable rules. This Court reminds Fields that, if she needs an extension of a another filing deadline, she must file a motion for an extension or enlargement of time. See Local Rule LR6.2(b) ("All applications for extension or enlargement of time made by motion shall state (1) the total amount of time previously obtained by extensions or enlargements of time, and (2) the reason for the particular extension or enlargement requested.").

The Court now turns to the merits of Fields's Motion for Reconsideration.

## II. <u>Statute of Limitations</u>

Fields first argues that this Court erred in ruling that the claims in Counts I and II of the Complaint are barred by the statute of limitations because: 1) she did not learn about the falsifications and fabrications in her loan documents until 2012; and 2) her promissory note ("Note") "was altered sometime between December 2014 and 7/27/2015[ by] adding new undated stamped endorsements to and from Lehman Brothers." [Motion for Reconsideration at 2.]

This Court considered Fields's first argument when it considered Charter Capital's motion for summary judgment and issued the 8/31/15 Order.[5] This Court concluded that Counts I and II were both fraud claims, and the six-year statute of limitations began to run in August 2005 because Fields had constructive notice and/or actual notice of the alleged fraud in her loan documents at that time. [8/31/15 Order at 10-11.] Fields merely disagrees with this Court's ruling, and that disagreement does not warrant reconsideration. See <u>Barnes</u>, 16 F. Supp. 3d at 1183.

Fields's second argument was not before this Court when it issued the 8/31/15 Order because the allegation that her Note was fraudulently altered between December 2014 and July 27, 2015

---

[5] Charter Capital filed its Motion for Summary Judgment or, in the Alternative, for Partial Dismissal of Complaint ("Motion for Summary Judgment") on June 19, 2015. [Dkt. no. 24.]

was not contained in Counts I and II of the Complaint. [Complaint at § X.]  Whether Fields can bring a new fraud claim based on this allegation is addressed *infra* Section V.

This Court therefore CONCLUDES that Fields's Motion for Reconsideration does not present any ground that warrants reconsideration of the ruling that Counts I and II of the Complaint are barred by the statute of limitations.  Fields's Motion for Reconsideration is DENIED as to that issue.

### III. Contract with Charter Capital

Fields makes similar arguments that: 1) there is no written contract between her and Charter Capital; and 2) this Court erred in stating that Fields does not contest the fact that she entered into a loan agreement with Charter Capital and that she signed the Mortgage and Note.  As noted in the 8/31/15 Order, Fields's Complaint alleged that "Charter Capital fraudulently included terms in Fields's Mortgage that were contrary to the terms that she agreed to when she entered into an oral agreement regarding the refinancing of her loan."  [8/31/15 Order at 10.] In the original Complaint and in connection with Charter Capital's Motion for Summary Judgment, Fields did not allege that her signatures on the Note and Mortgage were forged, and she acknowledged that she has an outstanding mortgage loan, although she argued that the true holder of the loan is unclear.  See 8/31/15 Order at 12 (citing Fields Decl. at ¶¶ 4-5 (denying that

7

she signed the Notice of Assignment, Sale and or Transfer and the Notice of Servicing Transfer Letter); Complaint at § X ("Plaintiff acknowledges she owes money to someone, but denies that she owes money to CHARTER or NATIONSTAR and she denies agreeing the [sic] terms recited in the alleged Mortgage and the alleged Note."); Mem. in Opp. at 2 ("Plaintiff owed (and still owes) money to someone, the real creditor." (emphasis omitted))).[6] The 8/31/15 Order recognizes that Fields's position is that Nationstar cannot **enforce** the Note and Mortgage because of alleged fraud in the transfers of the loan. See id. at 17-20.

Nothing in the instant Motion for Reconsideration indicates that this Court made manifest errors of law or fact in summarizing Fields's allegations and positions in this case. To the extent that Fields argues that this Court should reconsider the 8/31/15 Order because the order made misstatements about her loan agreement with Charter Capital, the Motion for Reconsideration is DENIED.

## IV. TILA and RESPA

Fields also argues that this Court should reconsider the 8/31/15 Order because, regardless of the terms of any loan agreement that she allegedly entered into with Charter Capital, TILA and RESPA required Charter Capital to provide her with

---

[6] On July 28, 2015, Fields filed her opposition to Charter Capital's Motion for Summary Judgment as well as a declaration in support of her opposition. [Dkt. nos. 39, 40.]

written notice of any transfer of her loan. In the 8/31/15 Order, this Court noted that Fields raised TILA allegations in sections XIII and XIV of the Complaint, but that those sections did not set forth affirmative claims. [8/31/15 Order at 5-6.] In other words, this Court concluded that Fields's Complaint did not allege a claim for failure to provide notices required by TILA. Similarly, this Court expressly ruled that, although Fields alleged in her memorandum in opposition to Charter Capital's Motion for Summary Judgment that Charter Capital violated RESPA, there was no RESPA claim alleged in the Complaint. [Id. at 17.] Thus, the 8/31/15 Order did not address the merits of Fields's arguments regarding the failure to provide notices required under TILA and RESPA.

      The Motion for Reconsideration does not present any ground that warrants reconsideration of this Court's conclusions that the Complaint did not allege either a TILA claim or a RESPA claim. This Court therefore DENIES Fields's Motion for Reconsideration as to her TILA and RESPA arguments.

V. **Newly Discovered Evidence**

      As noted in the discussion of Fields's statute of limitations argument, Fields argues that she has new evidence, including evidence of the alleged fraudulent alteration of her Note sometime between December 2014 and July 27, 2015. She argues that she could not have addressed this evidence when she

filed her original Complaint in January 2015, and she points out that she filed a motion for leave to amend her complaint. Fields filed a Motion for Leave to File an Amended Complaint on July 28, 2015. [Dkt. no. 41.] The magistrate judge denied that motion without prejudice, stating that Fields could file another motion for leave to amend, if appropriate, after this Court ruled on her Motion for Reconsideration. [Minutes, filed 10/14/15 (dkt. no. 110), at 1.]

Fields's newly discovered evidence is allegedly evidence of a separate fraud regarding her loan; it is not new evidence in support of the fraud that she alleged her original Complaint. Thus, the new evidence does not warrant reconsideration of the 8/31/15 Order. Instead, if Fields wishes to add a new claim based on the alleged fraudulent alteration of her Note between December 2014 and July 27, 2015, she must file a motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).[7]

## **CONCLUSION**

On the basis of the foregoing, Fields's motion for reconsideration of this Court's August 31, 2015 Order Granting in Part and Denying in Part Defendant Charter Capital Corporation's

---

[7] The 8/31/15 Order gave Fields leave to file an amended complaint by September 30, 2015. [8/31/15 Order at 23-24.] She filed her First Amended Complaint for Fraud & Misrepresentation on September 28, 2015. [Dkt. no. 83.]

Motion for Summary Judgment or, in the Alternative, for Partial Dismissal of Complaint is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JANEECE FIELDS VS. NATIONSTAR MORTGAGE LLC, ET AL; CIVIL 15-00015 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**