IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANEECE FIELDS, | ) | CIVIL 15-00015 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC; | ) | |
| CHARTER CAPITAL CORPORATION; | ) | |
| AURORA LOAN SERVICING LLC; | ) | |
| AURORA BANK; STRUCTURED | ) | |
| ASSETS SECURITIES | ) | |
| CORPORATION, aka SASCO; | ) | |
| CITIBANK N.A. AS TRUSTEE FOR | ) | |
| THE SASCO MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES 2005-17 | ) | |
| POOL GROUP 4; LEHMAN BROTHERS | ) | |
| HOLDINGS INC.; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, aka MERS; MERSCORP | ) | |
| HOLDINGS, INC.; and DOE | ) | |
| ENTITIES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MERS DEFENDANTS'
MOTION TO DISMISS [ECF NO. 83] PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR FRAUD & MISREPRESENTATION, FILED SEPTEMBER 28, 2015**

On April 20, 2016, Defendants Mortgage Electronic

Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc.

("MERSCORP," collectively "MERS Defendants")[1] filed their Motion

to Dismiss [ECF No. 83] Plaintiff's First Amended Complaint for

Fraud & Misrepresentation, Filed September 28, 2015 ("Motion").

---

[1] The MERS Defendants note that the Amended Complaint
incorrectly names "Mortgage Electronic Registration Systems, aka
MERS" and "MERSCORP HOLDINGS INC." [Mem. in Supp. of Motion at 1
n.1.]

[Dkt. no. 157.]  Pro se Plaintiff Janeece Fields ("Plaintiff") filed her memorandum in opposition on May 16, 2016, and the MERS Defendants filed their reply on May 23, 2016.  [Dkt. nos. 161, 162.]  On May 27, 2016, Plaintiff filed a surreply, with a supporting affidavit.  [Dkt. nos. 163-64.]  On June 1, 2016, this Court issued an entering order finding the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  [Dkt. no. 167.]  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the MERS Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff filed her original Complaint on January 15, 2015.  [Dkt. no. 1.]  The MERS Defendants were among the defendants named in the Complaint.  [Complaint at ¶¶ IX-X.]  There is no indication in the record that Plaintiff served the Complaint on the MERS Defendants.

Plaintiff filed her First Amended Complaint for Fraud & Misrepresentation ("Amended Complaint") on September 28, 2015.  [Dkt. no. 83.]  The MERS Defendants are among the defendants

named in the Amended Complaint.  [Amended Complaint at ¶¶ IX-X.[2]]

The case arises from Plaintiff's refinance loan from Defendant Charter Capital Corporation ("Charter Capital").[3] Plaintiff alleges that Charter Capital verbally offered her certain loan terms in August 2005, but the actual terms of the loan "were misrepresented and . . . documents were fabricated and falsified."  [Id. at ¶ XI.]  According to the Amended Complaint, Plaintiff discovered in January 2011 that the recorded documents did not include the terms that she agreed to.  Plaintiff alleges that a "bait and switch" occurred, and she denies agreeing to/signing either the mortgage in favor of Charter Capital ("Mortgage") or the promissory note the Mortgage secures ("Note").[4]  [Id. at pp. 3-4.]

---

[2] Page 1 through the first half of page 3 of the Amended Complaint have paragraph numbers, but there are no paragraph numbers after that.  The Court's citations to the portions of the Amended Complaint without paragraph numbers will refer to the relevant page number.

[3] On December 10, 2015, the parties who had appeared in the action by that time stipulated to dismiss with prejudice the claims in the Amended Complaint against Charter Capital.  [Dkt. no. 133.]

[4] The Note was for $999,000.00, and it is secured by the Mortgage on certain real property located in Kailua ("the Property").  [Amended Complaint, Exh. 2 (Decl. of A.J. Loll, dated 7/22/15), Exh. 2A (Note) at 1; Motion, Exh. B (Mortgage) at 3.]  The Mortgage was recorded with the Office of the Assistant Registrar of the Land Court of the State of Hawai`i ("Land Court") on August 30, 2005 as Document No. 3319506 on Certificate of Title 767,528.  [Mortgage at 1.]  The MERS Defendants ask this Court to consider the Mortgage pursuant to Fed. R. Evid. 201.
(continued...)

In addition to the allegations regarding the origination of the refinance loan, Plaintiff challenges the assignment of the Mortgage from Charter Capital to Defendant Nationstar Mortgage LLC ("Nationstar").[5]  She "denies signing or receiving any Notice of Assignment, Sale or Transfer of Servicing Rights or any notice of transfer or sale and asserts that these documents, as well as the Assignment of Mortgage from Charter to Nationstar [("Nationstar Assignment")], are fabricated, falsified and invalid."[6]  [Id. at p.4.]  Plaintiff alleges that, because the Nationstar Assignment is invalid, the foreclosure proceeding that Nationstar filed against her in state court ("Foreclosure Action") was wrongful.  [Id.]

On March 10, 2016, this Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause why her claims in the Amended Complaint against Defendants Aurora Loan Servicing LLC ("Aurora Servicing"); Aurora Bank; Structured Assets Securities Corporation, also known as SASCO ("SASCO"); Lehman

---

[4](...continued)
[Mem. in Supp. of Motion at 2 n.2.]

[5] On March 9, 2016, Plaintiff and Nationstar stipulated to dismiss with prejudice the claims in the Amended Complaint against Nationstar.  [Dkt. no. 146.]

[6] The Nationstar Assignment was recorded on June 3, 2013 as Document No. T-8554232 on Certificate of Title No. 973086.  MERS, as Charter Capital's nominee, assigned Plaintiff's Mortgage to Nationstar.  [Amended Complaint, Exh. 3 (Nationstar Assignment) at 1.]

Brothers Holdings Inc.; MERS; and MERSCORP (collectively "the Unserved Defendants") should not be dismissed for failure to make timely service.[7] [Dkt. no. 148.] On April 7, 2016, Plaintiff filed a Proof of Service for MERSCORP and one for MERS. [Dkt. no. 153, 154.]

After Plaintiff and the MERS Defendants filed their responses to the OSC, [dkt. nos. 149, 155,] this Court issued an order that dismissed Plaintiff's claims in the Amended Complaint against Aurora Servicing, Aurora Bank, SASCO, and Lehman Brothers without prejudice. [Order Regarding Responses to March 10, 2016 Order to Show Cause, filed 4/18/16 (dkt. no. 156) ("OSC Order").] The OSC Order directed the MERS Defendants to either answer the Amended Complaint or file the appropriate motion because this Court found that the arguments which the MERS Defendants raised in their response to the OSC should be addressed through motions practice. [OSC Order at 3-4.] On April 21, 2016, after this Court issued the OSC Order, Plaintiff filed an affidavit in

---

[7] This Court noted that Plaintiff filed a return of service regarding Defendant Citibank N.A., as Trustee for the SASCO Mortgage Pass-Through Certificates 2005-17 Pool Group 4 ("Citibank"), on March 8, 2016. This Court did not make any finding or conclusion regarding whether the service on Citibank was effective. [OSC at 2.] Executed summonses as to Citibank were filed on April 4, 2016 and May 31, 2016. [Dkt. nos. 151, 168.] On July 6, 2016, the Clerk of Court issued an Entry of Default as to Citibank. [Dkt. no. 172.] As of the date of this Order, Plaintiff has not filed a motion for default judgment against Citibank. This Court EMPHASIZES that this Order makes no findings or conclusions regarding the merits of Plaintiff's claims in the Amended Complaint against Citibank.

support of her response the OSC ("Plaintiff OSC Affidavit").
[Dkt. no. 160.]

In the instant Motion, the MERS Defendants point out
that Plaintiff defaulted on her loan in December 2013, and
Nationstar commenced the Foreclosure Action on February 25, 2014.
[Amended Complaint, Exh. 1 (Verified Complaint for Foreclosure
("Foreclosure Complaint")) at ¶ 10.]  In October 2014, Nationstar
moved for summary judgment in the Foreclosure Action and an
interlocutory decree of foreclosure and, on December 19, 2014,
Plaintiff filed objections to that motion, as well as a
counterclaim and cross-complaint against Nationstar, alleging the
same claims that she alleged in the original Complaint in the
instant case.  [Motion, Exh. D (Foreclosure Action docket sheet);
Mem. in Supp. of Motion at 3.]  Plaintiff attempted to remove the
Foreclosure Action to this district court, [CV 15-00020 LEK-BMK,
Notice of Removal of Action, filed 1/21/15 (dkt. no. 2),] but
this Court ultimately granted Nationstar's motion to remand.
[Id., dkt. nos. 9 (motion to remand), 22 (order granting).]

Plaintiff and her husband, Frank Lamonte Webb, executed
a Warranty Deed, dated March 5, 2015, conveying the property to
Michael Edmund Drzymkowski and Annemarie (NMN) Drzymkowski, and
Hale Ala Kai, LLC.  The Warranty Deed was recorded with the Land
Court on March 12, 2015 as document number T-9201128 on
Certificate of Title number 973086.  [Motion, Exh. E (Warranty

Deed) at 1.]  On August 27, 2015, Nationstar moved to dismiss the

Foreclosure Complaint with prejudice, and the state court granted

the motion on December 11, 2015.  [Id., Exh. D at 2-3.]

        In the instant Motion, the MERS Defendants argue that

this Court must dismiss the Amended Complaint because:

1) Plaintiff failed to timely serve the Amended Complaint on them

and there is no excusable neglect for the delay; 2) the Amended

Complaint fails to state a claim against them; and 3) any claims

that Plaintiff could have asserted against it were rendered moot

when the Foreclosure Action was dismissed in light of the sale of

the Property.

**DISCUSSION**

I.   **Preliminary Procedural Issues**

     A.   **The MERS Defendants' Exhibits**

        The MERS Defendants attached several exhibits to the

Motion.  Only two of the exhibits – the Note and the Nationstar

Assignment – are documents that Plaintiff included as exhibits to

the Amended Complaint.

        As a general rule, this Court's scope of review in

considering a motion to dismiss is limited to the allegations in

the complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d

992, 998 (9th Cir. 2010).  "[A] court may consider evidence on

which the complaint necessarily relies if: (1) the complaint

refers to the document; (2) the document is central to the

7

plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citations and internal quotation marks omitted).  Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment.  Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).

This Court has considered the following exhibits to the Motion that are not attached to the Amended Complaint: Plaintiff's Mortgage; the docket sheet for the Foreclosure Action; and Plaintiff's Warranty Deed.[8]  Plaintiff has not questioned the authenticity of the copies of these documents that the MERS Defendants submitted with the Motion.  The Amended Complaint refers to both the Mortgage and the Foreclosure Action, and they are central to Plaintiff's claims.  Plaintiff's Warranty Deed is central to Plaintiff's claims insofar as Plaintiff's transfer of the Property may be relevant to the question of whether her claims are moot.  This Court therefore concludes that it may consider those exhibits to the Motion without converting

---

[8] This Court notes that the MERS Defendants attached their exhibits to the Motion, without a declaration by counsel or by another person with personal knowledge of the documents.  This Court does not condone this practice and CAUTIONS the MERS Defendants that, in the future, if they fail to submit a declaration or affidavit identifying and authenticating their exhibits, this Court may disregard and/or strike their exhibits.

the Motion into a motion for summary judgment.

    **B.**   **Plaintiff's Surreply**

As previously noted, Plaintiff filed a surreply, with a supporting affidavit, on May 27, 2016.  Local Rule 7.4 states that, other than the memorandum in opposition to a motion and the reply, "[n]o further or supplemental briefing shall be submitted without leave of court."  Plaintiff argues that the surreply was necessary because the MERS Defendants' reply "contain[ed] incorrect representations" and because new facts came to light.[9] [Surreply at 1, 3.]  Although Plaintiff failed to obtain leave to file the surreply and supporting affidavit, this Court has considered them in ruling on the Motion.

However, this Court CAUTIONS Plaintiff that, in future motions practice, she must obtain leave of court before filing documents other than a memorandum in opposition or a reply.  If she fails to do so, the additional document may be disregarded and/or stricken from the record.

This Court now turns to the merits of the Motion.

**II.** **Failure to Serve**

The MERS Defendants first argue that this Court should dismiss the Amended Complaint against them because Plaintiff

---

[9] The surreply states "new facts first came to light in this case on 7/24/2016." [Surreply at 3.]  Insofar as Plaintiff filed the surreply on May 27, 2016, this Court assumes that Plaintiff meant May 24, 2016.

failed to effect timely service.  When Plaintiff filed the

Amended Complaint on September 28, 2015, the Federal Rules of

Civil Procedure stated:

> If a defendant is not served within 120 days after
> the complaint is filed, the court – on motion or
> on its own after notice to the plaintiff – must
> dismiss the action without prejudice against that
> defendant or order that service be made within a
> specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the
> time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (2015).[10]  Plaintiff did not serve the MERS

Defendants until March 30, 2016, well beyond the 120-day period.

See dkt. nos. 153, 154.

This district court has recognized that, pursuant to

Rule 4(m), courts have broad discretion to dismiss a plaintiff's

claims against a defendant without prejudice if the plaintiff

fails to establish good cause for her failure to effect timely

service.  See, e.g., Uy v. Wells Fargo Bank, N.A., Civ. No. 10-

00204 ACK-RLP, 2011 WL 1539832, at *1 (D. Hawai`i Apr. 20, 2011)

(citing In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001)).  In

Sheehan, the Ninth Circuit stated:

> When considering a motion to dismiss a
> complaint for untimely service, courts must
> determine whether good cause for the delay has
> been shown on a case by case basis.  We have
> recognized that "[a]t a minimum, 'good cause'
> means excusable neglect."  Boudette v. Barnette,

---

[10] Effective December 1, 2015, the period for service is now
ninety days.  Fed. R. Civ. P. 4(m).

> 923 F.2d 754, 756 (9th Cir. 1991).  In Boudette, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  Id.

253 F.3d at 512 (alteration in Sheehan) (some citations omitted).

Plaintiff argues that there is good cause for her late service of the Amended Complaint on the MERS Defendants.  She states that, beginning around February 2015, she attempted to find out how to serve the MERS Defendants in Hawai`i, but discovered that neither of them had an agent for service of process in Hawai`i.  She does not state how long she continued those efforts.  [Pltf. OSC Aff. at ¶¶ 1-2.]  At an unspecified point, Plaintiff performed "numerous google searches" and called the secretary of state in various states.  [Id. at ¶ 3.]  She eventually learned from the "California Secretary of State that [she] should call the Comptroller of the Currency and the FDIC to get the information."  [Id.]  She called those offices around March 2016 and obtained the address for the MERS Defendants' headquarters in Reston, Virginia.  [Id. at ¶ 4.]

Plaintiff has not presented any reasons why she could not have learned about the Virginia address during the period allotted for service, particularly because Plaintiff knew at the time she filed her Amended Complaint that the MERS Defendants had their headquarters in Virginia.  See Amended Complaint at ¶¶ IX-

11

X.  None the of the circumstances that Plaintiff describes in either her filings addressing the OSC or her filings addressing the instant Motion constitute excusable neglect.  This Court therefore FINDS that Plaintiff has failed to establish good cause for her failure to serve the MERS Defendants within 120 days after the filing of the Amended Complaint.

In light of this Court's finding, it can dismiss Plaintiff's claims against MERS **without** prejudice or it can order that Plaintiff effect service with a specified period of time. This Court, in the exercise of its discretion, finds that either remedy would be futile because Plaintiff served both of the MERS Defendants on March 30, 2016, through an attorney authorized to accept service of process on behalf of each of the MERS Defendants, and the MERS Defendants have appeared in this case. This Court emphasizes that it does not condone Plaintiff's failure to serve the MERS Defendants in a timely manner. However, this Court concludes that – because Plaintiff has effected service – this Court should test the plausibility of Plaintiff's claims instead of dismissing Plaintiff's claims pursuant to Rule 4(m).

The MERS Defendants' Motion is therefore DENIED as to their request to dismiss Plaintiff's claims against them pursuant to Rule 4(m).

III. **Whether Plaintiff's Claims Are Sufficiently Pled**

The MERS Defendants also ask this Court to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6).[11]  The Amended Complaint contains no factual allegations identifying actions or omissions by either MERS or MERSCORP.  This Court therefore CONCLUDES that the Amended Complaint fails to state any plausible claims against the MERS Defendants.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).  Plaintiff's claims against the MERS Defendants must be dismissed pursuant to Rule 12(b)(6).

Moreover, the two claims that Plaintiff alleges are fraud and misrepresentation.  The specific allegations in the Amended Complaint show that Plaintiff is alleging intentional misrepresentation, see Amended Complaint at pp. 10-11, and intentional misrepresentation is a claim that sounds in fraud. See, e.g., Barber v. Ohana Military Communities, LLC, Civil No. 14-00217 HG-KSC, 2014 WL 3529766, at *11 (D. Hawai`i July 15, 2014) (noting that, under Hawai`i law, a fraud claim and an

---

[11] Rule 12(b)(6) states that "a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted."

intentional misrepresentation claim are the same).  Thus, both of

Plaintiff's claims must comply with the following heightened

pleading standard:

> [Fed. R. Civ. P.] 9(b) requires that, "[i]n
> alleging fraud or mistake, a party must state with
> particularity the circumstances constituting fraud
> or mistake."  Pursuant to Rule 9(b), a party is
> required to make particularized allegations of the
> circumstances constituting fraud.  See Sanford v.
> MemberWorks, Inc., 625 F.3d 550, 557–58 (9th Cir.
> 2010).
>
> In their pleadings, Plaintiffs "must allege
> the time, place, and content of the fraudulent
> representation; conclusory allegations do not
> suffice."  See Shroyer v. New Cingular Wireless
> Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010)
> (citation omitted).  "Malice, intent, knowledge,
> and other conditions of a person's mind may be
> alleged generally."  Fed. R. Civ. P. 9(b); see
> also Odom v. Microsoft Corp., 486 F.3d 541, 554
> (9th Cir. 2007) (en banc) ("[T]he state of mind —
> or scienter — of the defendants may be alleged
> generally." (citation omitted)); Walling v.
> Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973)
> (stating that Rule 9(b) "only requires the
> identification of the circumstances constituting
> fraud so that the defendant can prepare an
> adequate answer from the allegations" (citations
> omitted)).
>
> When there are multiple defendants,
>
> Rule 9(b) does not allow a complaint to
> merely lump multiple defendants together but
> require[s] plaintiffs to differentiate their
> allegations when suing more than one
> defendant . . . and inform each defendant
> separately of the allegations surrounding his
> alleged participation in the fraud.  In the
> context of a fraud suit involving multiple
> defendants, a plaintiff must, at a minimum,
> identif[y] the role of [each] defendant[] in
> the alleged fraudulent scheme.

> Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir.
> 2007) (alterations in Swartz) (internal quotation
> marks and citations omitted); see also Meridian
> Project Sys., Inc. v. Hardin Constr. Co., 404 F.
> Supp. 2d 1214, 1226 (E.D. Cal. 2005) ("When fraud
> claims involve multiple defendants, the complaint
> must satisfy Rule 9(b) particularity requirements
> for each defendant." (citations omitted)).

Barker v. Gottlieb, 23 F. Supp. 3d 1152, 1164–65 (D. Hawai`i 2014) (alterations in Barker) (some citations omitted). The allegations against the MERS Defendants in Plaintiff's Amended Complaint do not meet the heightened pleading standard. Thus, the Amended Complaint did not give the MERS Defendants notice of the basis of Plaintiff's claims, and they would be forced to respond with a general denial of wrongdoing. See In re Lui, No. 14-60025, 2016 WL 1212113, at *1 (9th Cir. Mar. 29, 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." (citation and internal quotation marks omitted)). Plaintiff's claims against the MERS Defendants must also be dismissed pursuant to Rule 9(b).

This Court next turns to the issue of whether the dismissal is with prejudice or without prejudice – in other words, whether Plaintiff should be allowed to file a second amended complaint to try to cure the defects in her claims against the MERS Defendants. Because Plaintiff is proceeding pro se, this Court can only dismiss her claims with prejudice if it

is absolutely clear that no amendment can cure the defects in her claims.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Although it is not readily apparent from the Amended Complaint, Plaintiff's claims against the MERS Defendants appear to arise from: 1) their participation in the securitization of Plaintiff's loan; and 2) their role in the Nationstar Assignment. See, e.g., Amended Complaint at p. 4 ("Plaintiff has been harmed by this deceit and concealment in that she unknowingly became involved in a mortgage securitization scheme that sold mortgage backed certificates to investors that made false claims to investors and caused damage to investors."); id. at p. 10 ("The Assignment of Mortgage from Charter's 'successors or assign' was a misrepresentation, a falsified fabricated document that allowed Nationstar and their attorneys to begin foreclosure proceedings on Plaintiffs property.").

First, to the extent that Plaintiff challenges the MERS Defendants' role in the securitization of her loan, this district court has recognized that:

> As the majority of courts have held, grievances regarding the securitzation [sic] process cannot be the basis for a cause of action.  In re

> Nordeen, 495 B.R. 468, 479 (9th Cir. BAP 2013)
> (rejecting "the idea that securitization
> inherently changes the [] existing legal
> relationship between the parties to the extent
> that the original parties cease to occupy the
> roles they did at the closing," because "the
> securitization of a loan does not in fact alter or
> affect the legal beneficiary's standing to enforce
> the deed of trust.") (citing Joyner v. Bank of Am.
> Home Loans, 2010 WL 2953969, at *1, *5, *9 (D.
> Nev. July 26, 2010) (footnote omitted));
> Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886,
> 898 (D. Haw. 2011) ("The Court also rejects
> Plaintiffs' contention that securitization in
> general somehow gives rise to a cause of action —
> Plaintiffs point to no law or provision in the
> mortgage preventing this practice, and cite to no
> law indicating that securitization can be the
> basis of a cause of action.  Indeed, courts have
> uniformly rejected the argument that
> securitization of a mortgage loan provides the
> mortgagor a cause of action.")

Uy v. HSBC Bank USA, Nat'l Ass'n, Civ. No. 14-00261 HG-KSC, 2015 WL 1966689, at *5 (D. Hawai`i Apr. 30, 2015) (alteration in Uy v. HSBC).

This Court agrees with the legal principles summarized in Uy v. HSBC, and also notes that, in the Mortgage, Plaintiff expressly agreed to grant MERS the authority to act on behalf of Charter Capital and its successors and assigns.  See Mortgage at 3 (stating that "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale," of the Property).  Further, Plaintiff specifically acknowledged that

> MERS holds only legal title to the interests
> granted by Borrower in this Security Instrument,
> but, if necessary to comply with law or custom,
> MERS (as nominee for Lender and Lender's
> successors and assigns) has the right: to exercise
> any or all of those interests, including, but not
> limited to, the right to foreclose and sell the
> Property; and to take any action required of
> Lender including, but not limited to, releasing
> and canceling this Security Instrument.

[Id.] Consistent with the Mortgage, MERS executed the Nationstar Assignment "solely as nominee for Charter Capital." [Nationstar Assignment at 1.]

Hawai`i courts have held that language similar to the language in Plaintiff's Mortgage "empower[s] MERS to take action, including assigning the loan." See, e.g., Bank of Am., N.A. v. Reyes-Toledo, No. CAAP-15-0000005, 2016 WL 1092305, at *2 (Hawai`i Ct. App. Mar. 16, 2016), cert. granted, 2016 WL 3488573 (Hawai`i June 22, 2016).[12]  In fact, this Court considered

---

[12] In Reyes-Toledo, the Intermediate Court of Appeals stated:

> The Mortgage specifies, "[Reyes-Toledo] does
> hereby mortgage, grant and convey to MERS (solely
> as nominee for [Countrywide] and [Countrywide's]
> successors and assigns) and to the successors and
> assigns of MERS, with power of sale, the
> [Property]."  Additionally, the Mortgage states:

>> [Reyes-Toledo] understands and agrees that
>> MERS holds only legal title to the interests
>> granted by [Reyes-Toledo] in this Security
>> Instrument, but if necessary to comply with
>> law or custom, MERS (as nominee for
>> [Countrywide] and [Countrywide's] successors
>> and assigns) has the right: to exercise any
>> or all of those interests, including, but not
>>                                    (continued...)

identical language in <u>Whittington v. Bank of New York Mellon</u>. CIVIL 16-00014 LEK-KJM, 2016 WL 3102002, at *5 (D. Hawai`i June 2, 2016) (noting that Whittington's mortgage stated: "'Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale,' of the Property"). In <u>Whittington</u>, this Court concluded that "the portion of [Whittington]'s claims challenging the securitization process in general and MERS's role as mortgagee fail[ed] to state a plausible claim for relief," and dismissed those portions of her claims with prejudice. <u>Id.</u> at *6.

For the reasons articulated in <u>Uy v. HSBC</u> and <u>Whittington</u>, and based upon the existing record in this case, this Court CONCLUDES that it is absolutely clear that no amendment can cure the defects in the portions of Plaintiff's claims based on the MERS Defendants' participation in the securitization of Plaintiff's loan and their role in the Nationstar Assignment. Those portions of Plaintiff's fraud and misrepresentation claims are therefore DISMISSED WITH PREJUDICE.

---

[12](...continued)
          limited to, releasing and canceling this
          Security Instrument.

2016 WL 1092305, at *1-2 (alterations in <u>Reyes-Toledo</u>).

However, this Court recognizes that Plaintiff may have intended to allege other theories supporting her fraud and misrepresentation claims against the MERS Defendants.  Even liberally construing Plaintiff's Complaint,[13] this Court cannot determine what those other theories of liability are.  It is arguably possible for Plaintiff to amend her fraud and/or misrepresentation claim against the MERS Defendants to state plausible claims based on theories of liability other than the securitization theory and the invalid assignment theory.  This Court therefore DISMISSES the remainder of Plaintiff's fraud and misrepresentation claims WITHOUT PREJUDICE.

## IV.  <u>Mootness</u>

The MERS Defendants also argue that Plaintiff's claims against them are moot because she no longer owns the Property.  This Court is not required to address this argument because it has already dismissed Plaintiff's claims, but it will address the argument in order to provide guidance to Plaintiff, if she chooses to amend her claims.

---

[13] This Court must liberally construe Plaintiff's pleadings because she is proceeding pro se.  <u>See, e.g.</u>, <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

The United States Supreme Court has stated that a case becomes moot

> when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  But a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  Knox v. Service Employees, 567 U.S. –, –, 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012) (internal quotation marks omitted); see also Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992) ("if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" (quoting Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895))).  As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.

Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (some citations and internal quotation marks omitted).  When a claim involves a request for injunctive relief, and the court cannot grant relief sought, the claim is moot.  See, e.g., Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 963-64 (9th Cir. 2007) (citing Friends of the Earth, Inc. v. Bergland, 576 F.2d 1377, 1379 (9th Cir. 1978) ("Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot.")).

Because Plaintiff no longer owns the Property, any claims for injunctive relief related to her ownership of the Property or the attempted foreclosure would be moot.  However, by

the time Plaintiff filed the Amended Complaint, she had already sold the Property.  [Amended Complaint at p. 13 ("The wrongful foreclosure created a situation of urgency and duress for Plaintiff and under duress Plaintiff sold her property before Nationstar could foreclose and evict her.").]  She apparently alleges that: 1) the Foreclosure Action was instituted based upon the tortious conduct alleged in the Amended Complaint; 2) if the Foreclosure Action had not been pending, she would not have sold the Property; and 3) the wrongfully instituted Foreclosure Action and the forced sale caused her to suffer damages.  [Id. ("Plaintiff is injured in the amount of $1,296,411, plus the amount that the home has increased in value since the sale, plus costs, legal fees and damages.").]  If that is her theory of damages, and if she is able to marshal sufficient facts to amend her fraud and misrepresentation claims against the MERS Defendants to allege plausible claims, this Court would be inclined to conclude that these claims would not be moot.

## V.  Summary and Leave to Amend

The MERS Defendants' Motion is GRANTED insofar as: 1) Plaintiff's fraud and misrepresentation claims against the MERS Defendants are DISMISSED; and 2) the portions of Plaintiff's claims based on the MERS Defendants' participation in the securitization of Plaintiff's loan and the MERS Defendants' role in the Nationstar Assignment are DISMISSED WITH PREJUDICE.  The

Motion is DENIED insofar as all other portions of Plaintiff's fraud and misrepresentation claims against the MERS Defendants are DISMISSED WITHOUT PREJUDICE.

This Court will allow Plaintiff to file a motion for leave to file a second amended complaint that cures the defects in her claims against the MERS Defendants which this Court described in this Order.  Plaintiff may also reassert her claims against Citibank – which are not affected by this Order. Plaintiff must attach a copy of her proposed second amended complaint to the motion for leave to file.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  This Court ORDERS Plaintiff to file her motion for leave to file a second amended complaint by **August 31, 2016**.  The motion will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that, if she fails to file her motion for leave to file a second amended complaint by **August 31, 2016**, the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to terminate the MERS Defendants as parties in this case.  In other words, Plaintiff would have no remaining claims against the MERS Defendants, and only her claims in the Amended Complaint against Citibank would

23

remain.  This Court also CAUTIONS Plaintiff that, even if the magistrate judge allows Plaintiff to file her proposed second amended complaint, as to any claim that this Order dismissed without prejudice, the corresponding second amended claim may be dismissed with prejudice if the second amended claim fails to cure the defects identified in this Order.

## CONCLUSION

On the basis of the foregoing, the MERS Defendants' Motion to Dismiss [ECF No. 83] Plaintiff's First Amended Compliant for Fraud & Misrepresentation, Filed September 28, 2015, which the MERS Defendants filed on April 20, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART, as set forth *supra* Discussion Section V.  Plaintiff must file her motion for leave to file a second amended complaint by **August 31, 2016**, and the motion must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 28, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JANEECE FIELDS VS. NATIONSTAR MORTGAGE, LLC, ET AL; CIVIL 15-00015 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART MERS DEFENDANTS' MOTION TO DISMISS [ECF NO. 83] PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FRAUD & MISREPRESENTATION, FILED SEPTEMBER 28, 2015**