IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANEECE FIELDS,<br><br>           Plaintiff,<br><br>      vs.<br><br>NATIONSTAR MORTGAGE LLC;<br>CHARTER CAPITAL CORPORATION;<br>AURORA LOAN SERVICING LLC;<br>AURORA BANK; STRUCTURED<br>ASSETS SECURITIES<br>CORPORATION, aka SASCO;<br>CITIBANK N.A. AS TRUSTEE FOR<br>THE SASCO MORTGAGE PASS-<br>THROUGH CERTIFICATES 2005-17<br>POOL GROUP 4; LEHMAN BROTHERS<br>HOLDINGS INC.; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, aka MERS; MERSCORP<br>HOLDINGS, INC.; and DOE<br>ENTITIES 1-5O,<br><br>           Defendants.<br>_____ | CIVIL 15-00015 LEK-KJM |

**ORDER DENYING PLAINTIFF'S MOTION AND DECLARATION
TO WITHDRAW PLAINTIFF'S VOLUNTARY DISMISSAL
WITHOUT PREJUDICE AND VACATE ORDER DISMISSING
<u>LEHMAN BROTHERS FSB AND LEHMAN BROTHERS HOLDINGS INC.</u>**

Before the Court is pro se Plaintiff Janeece Fields's ("Plaintiff") Motion and Declaration to Withdraw Plaintiff's Voluntary Dismissal Without Prejudice and Vacate Order Dismissing Lehman Brothers FSB and Lehman Brothers Holdings Inc. ("Motion"), filed on August 29, 2016.  [Dkt. no. 184.]  Because Plaintiff is proceeding pro se, this Court must liberally construe her filings.  <u>See, e.g.</u>, <u>Pregana v. CitiMortgage, Inc.</u>, Civil No.

14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

I. **Motion for Reconsideration**

First, this Court CONSTRUES Plaintiff's Motion as a motion for reconsideration of its April 18, 2016 Order Regarding Responses to March 10, 2016 Order to Show Cause ("4/18/16 Order"). See dkt. no. 156. In the March 10, 2016 Order to Show Cause ("3/10/16 OSC"), [dkt. no. 148,] this Court ordered Plaintiff to show cause why it should not dismiss her claims against the defendants named in her First Amended Complaint for Fraud & Misrepresentation ("Amended Complaint") upon whom she had not yet served the Amended Complaint.[1] Among the unserved defendants was Defendant Lehman Brothers Holdings Inc. ("Lehman Brothers Holdings").[2] On March 31, 2016, Plaintiff filed her response to the 3/10/16 OSC, stating, among other things, that she did not serve Lehman Brothers Holdings and was not pursuing

---

[1] Plaintiff filed the Amended Complaint on September 28, 2015. [Dkt. no. 145.]

[2] In the Motion, Plaintiff asserts that "[b]oth Lehman Brothers Holdings Inc. and Lehman Brothers FSB were named as Defendants in the original complaint(s)." [Motion at 2 (some alterations in original).] However, Lehman Brother FSB was not named as a defendant in either the Amended Complaint or the original Complaint, which Plaintiff filed on January 15, 2015 [dkt. no. 1].

her claims against it because it "could not be found due to [its] business termination." [Dkt. no. 149 at 2, ¶ 3.]  In light of Plaintiff's representation, this Court dismissed Plaintiff's claims against Lehman Brothers Holdings pursuant to Fed. R. Civ. P. 4(m), without prejudice, and directed the Clerk's Office to terminate Lehman Brothers Holdings as a party to this action. [4/18/16 Order at 2.]

In the instant Motion, Plaintiff asks this Court to vacate the 4/18/16 Order because she "relied on apparently incorrect information about the Lehman Brothers entities being defunct" and she "made a mistake in Motioning the Court dismissing [sic] them." [Motion at 2.]  This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."  Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). . . .

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-

3

00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

The Motion does not argue that there has been an intervening change in the law, and it does not assert that reconsideration is necessary because of clear error or manifest injustice. Plaintiff argues that this Court should reconsider the 4/18/16 Order because of what she contends is newly discovered evidence that Lehman Brothers Holdings is still an operational entity. Whether Plaintiff brings her motion for reconsideration pursuant to Local Rule 60.1 or Fed. R. Civ. P. 60(b)(2),[3]

---

[3] Local Rule 60.1 states, in pertinent part:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)   Discovery of new material facts not previously available;
>
> (b)   Intervening change in law;
>
> (c)   Manifest error of law or fact.

Fed. R. Civ. P. 60(b)(2) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .

(continued...)

> it makes no difference . . . because the standards are essentially the same.  Under Rule 60(b)(2),
>
>> [r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due [or reasonable] diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."
>
> Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)).  Rule 60(b)(2), as amended in 2007, requires "reasonable diligence" (instead of "due diligence") for newly discovered evidence.  The change, however, was "intended to be stylistic only."  See Cole v. Hawaii, 2008 WL 508075, at *1 n.2 (D. Haw. Feb. 26, 2008).

Taqupa v. Vipdesk, Inc., CIV. No. 13-00428 JMS-KSC, 2016 WL 236210, at *2 n.2 (D. Hawai`i Jan. 19, 2016) (some alterations in Taqupa); see also Chapman v. Journal Concepts, Inc., Civil No. 07-00002 JMS/LEK, 2007 WL 4354417, at *2 (D. Hawai`i Dec. 13, 2007) ("To base a motion for reconsideration on the discovery of new evidence, Plaintiff is 'obliged to show not only that this evidence was newly discovered or unknown until after the hearing,

---

[3](...continued)
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]

but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.'" (quoting Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985))). In addition, this district court "has denied motions seeking reconsideration of orders based on evidence and/or legal arguments that the party seeking reconsideration could have raised in connection with an original motion." See, e.g., Streamline Consulting Grp. LLC v. Legacy Carbon LLC, CIVIL NO. 15-00318 SOM/KSC, 2016 WL 1064444, at *1 (D. Hawai`i Mar. 16, 2016) (citing Barker v. Gottlieb, 2015 WL 181776 (D. Haw. Jan. 14, 2015)).

In the instant case, Plaintiff relies on purportedly newly discovered evidence that Lehman Brothers Holdings is still an operational business entity. In support of this position, she states:

> Lehman Brothers' FSB was assumed to be defunct since September or October 2008, but may be operating in some capacity. Sometime between 2/25/2014 and 6/24/2015, Rick Skogg, "Secretary" of Lehman Brothers FSB affixed an undated indorsement stamp to an alleged "verified" Note. For Lehman Brothers' FSB to indorse a Note, it is assumed they were functioning in some capacity. That alleged Note and alleged allonge are at issue in this case. If Rick Skogg is "Secretary" of MERS or some other entity, it is omitted on the Note he indorsed. Both Lehman Brothers Holdings Inc. and Lehman Brothers FSB were named as Defendants in the original complaint(s).

[Motion at 2.] However, the fact that Rick W. Skogg, as Vice President of Lehman Brothers Bank, FSB, signed the Allonge to

6

Note (Corone Lender) ("Allonge") associated with Plaintiff's promissory note ("Note") was known to Plaintiff at the time she filed her response to the 3/10/16 OSC.[4] As the Motion states, Mr. Skogg signed the Allonge between February 25, 2014 and June 24, 2015. Even if Plaintiff never received a copy of the Allonge in connection with the servicing of her loan, Plaintiff was served with the a copy of her Note, including the Allonge, in July 2015 in the course of this litigation. See supra note 4.

Thus, to the extent that Plaintiff's Motion asserts that Mr. Skogg's signature on the Allonge indicates that Lehman Brothers Holdings is still operational, this Court FINDS that Plaintiff has failed to present newly discovered evidence which was not available to her at the time she filed her response to the 3/10/16 OSC. This Court therefore CONCLUDES that Plaintiff has failed to establish any ground that warrants reconsideration of the 4/18/16 Order. Insofar as Plaintiff's Motion can be construed as a motion for reconsideration of the 4/18/16 Order, Plaintiff's Motion is HEREBY DENIED.

---

[4] A copy of the Note, including the Allonge, is in the record as Exhibit A to the Declaration of A.J. Loll, submitted with Defendant Nationstar Mortgage LLC's Concise Statement of Facts in Support of its Motion for Summary Judgment, or, in the Alternative, for Dismissal of the Complaint [ECF No. 1], Filed January 15, 2015. [Filed 7/24/15 (dkt. no. 32-3).]

## II. Motion to Add Party

This Court also liberally CONSTRUES the instant Motion as a motion for leave to amend Plaintiff's current pleading to add Lehman Brothers Holdings Inc. and Lehman Brothers FSB as defendants.[5] However, the deadline to add parties or amend pleadings was June 26, 2015. [Rule 16 Scheduling Order, filed 3/30/15 (dkt. no. 18), at ¶ 5.] Thus, this Court DENIES Plaintiff's request for leave to add Lehman Brothers Holdings Inc. and Lehman Brothers FSB as defendants because the request is untimely. This Court makes no findings or conclusions on the merits of Plaintiff's request to add the Lehman entities as defendants.

In order for Plaintiff's request to add the Lehman entities as defendants to be considered on the merits, Plaintiff would have to obtain an amendment of the Rule 16 Scheduling Order. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This Court

---

[5] On December 15, 2015, Plaintiff filed a Motion for Leave of Court to File a Second Amended Complaint. [Dkt. no. 135.] However, that motion was terminated, without a decision on the merits, in light of Plaintiff's settlement with Defendant Nationstar Mortgage LLC and Defendant Charter Capital Corporation.
On August 29, 2016, Plaintiff filed a Motion for Leave of Court to File a Third Amended Complaint and Request for Judicial Notice of the Court's Own Record. [Dkt. no. 181.] That motion is currently set for a hearing before the magistrate judge on October 13, 2016. [Dkt. no. 185.] It addresses proposed amendments other than the addition of the Lehman entities as defendants.

cannot construe the instant Motion as a motion for an amendment of the Rule 16 Scheduling Order because the Motion does not address the "good cause" requirement. Plaintiff may file another motion that seeks an amendment of the scheduling order and leave to add the Lehman entities as defendants. If Plaintiff chooses to do so, she must file the motion by **October 7, 2016**. The motion will be referred to the magistrate judge.

      This Court EMPHASIZES that the 4/18/16 Order dismissed Plaintiff's claims in the Amended Complaint against Lehman Brothers Holdings **without prejudice**. Thus, even if Plaintiff is not allowed to add the Lehman entities as defendants in this case, that does not prevent her from filing a separate action against Lehman Brothers Holdings and/or Lehman Brothers FSB.

## CONCLUSION

      On the basis of the foregoing, Plaintiff's Motion and Declaration to Withdraw Plaintiff's Voluntary Dismissal Without Prejudice and Vacate Order Dismissing Lehman Brothers FSB and Lehman Brothers Holdings Inc., filed August 29, 2016 – which this Court has construed as both a motion for reconsideration of its April 18, 2016 Order and a motion for leave to add defendants, is HEREBY DENIED. If Plaintiff chooses to file a motion that seeks an amendment of the scheduling order and leave to add the Lehman

entities as defendants, she must file the motion by **October 7, 2016.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 7, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JANEECE FIELDS VS. NATIONSTAR MORTGAGE, LLC, ET AL; CIVIL 15-00015 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION AND DECLARATION TO WITHDRAW PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND VACATE ORDER DISMISSING LEHMAN BROTHERS FSB AND LEHMAN BROTHERS HOLDINGS INC.**