IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANEECE FIELDS, an Individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>NATIONSTAR MORTGAGE LLC;<br>CHARTER CAPITAL<br>CORPORATION, AURORA LOAN<br>SERVICING LLC; AURORA BANK;<br>STRUCTURED ASSETS<br>SECURITIES CORPORATION, aka<br>SASCO; CITIBANK N.A., AS<br>TRUSTEE FOR THE SASCO<br>Mortgage Pass-Through Certificates<br>2005-17 Pool Group 4; LEHMAN<br>BROTHERS HOLDINGS INC.;<br>Mortgage Electronic Registration<br>Systems, aka MERS; MERSCORP<br>HOLDINGS INC; & DOE ENTITIES<br>1-50,<br><br>        Defendants. | CIVIL No. 15-00015 LEK-KJM<br><br>(1) ORDER DENYING [204]<br>MOTION FOR LEAVE TO FILE<br>THIRD AMENDED COMPLAINT;<br>AND (2) FINDINGS AND<br>RECOMMENDATION TO DENY<br>[181] PLAINTIFF'S MOTION FOR<br>LEAVE OF COURT TO FILE A<br>THIRD AMENDED COMPLAINT<br>AND REQUEST FOR JUDICIAL<br>NOTICE OF THE COURT'S OWN<br>RECORD |

**(1) ORDER DENYING [204] MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT; AND (2) FINDINGS AND
RECOMMENDATION TO DENY [181] PLAINTIFF'S MOTION FOR
LEAVE OF COURT TO FILE A THIRD AMENDED COMPLAINT AND
REQUEST FOR JUDICIAL NOTICE OF THE COURT'S OWN RECORD**

On August 29, 2016, Plaintiff Janeece Fields ("Plaintiff") filed a

Motion for Leave of Court to File a Third Amended Complaint and Request for

Judicial Notice of the Court's Own Record ("First Motion for Leave").  *See* ECF

No. 181.  On October 11, 2016, Plaintiff filed a Motion for Leave to File Third

Amended Complaint ("Second Motion for Leave").  *See* ECF No. 204.  Defendants

Mortgage Electronic Registration Systems, Inc. ("MERS") and Merscorp

Holdings, Inc. ("MERSCORP Holdings") (collectively "MERS Defendants"), and

Citibank, N.A., solely in its capacity as Former Trustee of the Structured Asset

Securities Corporation Mortgage Pass-Through Certificates, Series 2005-17

("Citibank") filed their Opposition to the First Motion for Leave on September 22,

2016.  *See* ECF No. 190.  Defendants Citibank and MERS Defendants (collectively

"Defendants") filed their Opposition to the Second Motion for Leave on November

7, 2016.  *See* ECF No. 209.  Plaintiff filed her Reply to Defendants' Opposition to

the First Motion for Leave on October 3, 2016.  *See* ECF No. 197.   Plaintiff filed

her Reply to Defendants' Opposition to the Second Motion for Leave on

November 17, 2016.  *See* ECF No. 210.

     The Court held a hearing on Plaintiff's First Motion for Leave on

October 20, 2016 at 10:00 a.m.  James B. Rogers, Esq. appeared on behalf of the

MERS Defendants and Citibank.  Plaintiff *pro se* appeared telephonically.  The

Court elected to decide the Second Motion for Leave without a hearing.

     The Court has carefully considered the First Motion for Leave and the

Second Motion for Leave, including the briefs, declarations, exhibits, the

arguments of the parties in their written submissions and during the hearing, and

the record as a whole.  Being fully advised in the matter, the Court: (1) DENIES

Plaintiff's Second Motion for Leave; and (2) FINDS and RECOMMENDS that the

district court deny Plaintiff's First Motion for Leave with prejudice.[1]

BACKGROUND

The background of this case is set forth in the district court's July 28,

2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss

[ECF No. 83] Plaintiff's First Amended Complaint for Fraud & Misrepresentation,

filed September 28, 2015 ("July 28, 2016 Order").  *See* ECF No. 174.  The

following background is taken from that Order, and is repeated here only to the

extent necessary for the present motion.

---

[1] Plaintiff also requests "judicial notice of the court's own records" in both
the First Motion for Leave and the Second Motion for Leave, requesting judicial
notice of eleven documents that are part of the Court's own docket in this action.
These documents are part of the Court's own docket; therefore, a formal request
for judicial notice is unnecessary. *Negrete v. Petsmart, Inc.*, No. 2:13-CV-01218-
MCE-AC, 2013 WL 4853995, at *1 n.2 (E.D. Cal. Sept. 10, 2013).  A court may,
however, "properly take judicial notice of court records"; thus, Plaintiff's request
for judicial notice of the court's own records is GRANTED. *Id*. at *1.  *See also
Dunlap v. Neven*, No. 2:12-CV-01370-JCM, 2014 WL 3000133, at *5 (D. Nev.
June 30, 2014) ("Courts routinely take judicial notice of their own court records.");
Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject
to reasonable dispute because it . . . can be accurately and readily determined from
sources whose accuracy cannot reasonably be questioned.").

The instant action arises from Plaintiff's refinance loan from Defendant Charter Capital Corporation ("Charter Capital") to secure a mortgage on certain real property in Kailua, Hawai'i (the "Mortgage"). *See* ECF No. 157-3. On June 3, 2013, Charter Capital assigned the Mortgage to Nationstar Mortgage LLC ("Nationstar"). *See* ECF No. 83-3. Nationstar commenced foreclosure proceedings against Plaintiff in state court on February 25, 2014 ("Foreclosure Action"), alleging that Plaintiff failed to make timely payments required under the terms of the note that secured the Mortgage (the "Note"). *See* ECF No. 83-1.

Plaintiff filed her original Complaint on January 15, 2015. ECF No. 1. On March 5, 2015, Plaintiff executed a Warranty Deed, conveying the property to Michael Edmund Drzymkowski and Annemarie (NMN) Drzymkowski, and Hale Ala Kai, LLC. *See* ECF No. 157-6. On August 27, 2015, Nationstar moved to dismiss the Foreclosure Action with prejudice, which the state court granted on December 11, 2015. *See* ECF No. 157-5 at 3.

Plaintiff filed her First Amended Complaint for Fraud & Misrepresentation on September 28, 2015 ("Amended Complaint"), naming, among others, Charter Capital, Nationstar, Citibank, the MERS Defendants, and Lehman Brothers Holdings Inc. ("Lehman Brothers"). Plaintiff alleged in the Amended Complaint that Charter Capital verbally offered her certain loan terms in August 2005, but the actual terms of the loan "were misrepresented and . . .

4

documents were fabricated and falsified."  ECF No. 83. at ¶ XI.  According to the

Amended Complaint, Plaintiff discovered in January 2011 that the recorded

documents did not include the terms that she agreed to.  Plaintiff alleged that a

"bait and switch" occurred, and she denied agreeing to/signing either the Mortgage

or the Note.  *Id*. at 3-4.

      In addition, Plaintiff challenged Charter Capital's June 3, 2013

assignment of the Mortgage to Nationstar ("Nationstar Assignment").  Plaintiff

alleged that she neither signed nor received any Notice of Assignment, Sale, or

Transfer of Servicing Rights or any notice of transfer or sale.  *Id*. at 4.  Plaintiff

further alleged that these assignment documents were fabricated, falsified, and

invalid.  *Id*.  Plaintiff thus averred that, because the Nationstar Assignment was

invalid, the February 25, 2014 foreclosure proceeding that Nationstar had filed

against her in state court ("Foreclosure Action") was wrongful.  *Id*.

      On December 10, 2015, the parties stipulated to dismiss with

prejudice the claims against Charter Capital in the Amended Complaint.  *See* ECF

No. 133.  On March 9, 2016, the parties stipulated to dismiss with prejudice all

claims against Nationstar.  *See* ECF No. 146.

      On March 10, 2016, the district court issued an Order to Show Cause

based on Plaintiff's failure to serve the other defendants named in the Amended

Complaint, including Lehman Brothers (collectively, "Unserved Defendants").

Plaintiff responded on March 31, 2016, that she would not be prosecuting the action against the Unserved Defendants due to their "business termination."  ECF No. 149 at 2.  The district court thus dismissed without prejudice Plaintiff's claims in the Amended Complaint against the Unserved Defendants, including Lehman Brothers, leaving Citibank and the MERS Defendants as the only defendants in this action.  ECF No. 156 at 2.

On April 20, 2016, the MERS Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint, which the district court granted in part and denied in part in its July 28, 2016 Order.  *See* ECF Nos. 157, 174.  The district court found that the Amended Complaint contained no factual allegations identifying actions or omissions by the MERS Defendants.  ECF No. 174 at 13. The district court therefore concluded that the Amended Complaint failed to state any plausible claims against the MERS Defendants.  *Id*.

The district court further reasoned that Plaintiff's claims against the MERS Defendants for misrepresentation and fraud must comply with Federal Civil Procedure Rule 9's heightened pleading standard.  *Id*. at 13-14.  The district court concluded, however, that the Amended Complaint did not meet the heightened pleading standard; thus "the Amended Complaint did not give the MERS Defendants notice of the basis of Plaintiff's claims, and they would be forced to respond with a general denial of wrongdoing."  *Id*. at 15.

Based on these deficiencies, the district court examined whether to dismiss Plaintiff's Amended Complaint with or without prejudice.  The district court found that although not readily apparent, "Plaintiff's claims against the MERS Defendants appear[ed] to arise from: 1) their participation in the securitization of Plaintiff's loan; and 2) their role in the Nationstar Assignment." ECF No. 174 at 16.  The district court found that Plaintiff had expressly agreed in the Mortgage to grant MERS the authority to act on behalf of Charter Capital and its successors and assigns; accordingly, MERS's execution of the Nationstar Assignment, solely as nominee for Charter Capital, was consistent with the Mortgage.  *Id*. at 18.  The district court thus concluded that it was "absolutely clear that no amendment [could] cure the defects in the portions of Plaintiff's claims based on the MERS Defendants' participation in the securitization of Plaintiff's loan and their role in the Nationstar Assignment."  *Id*. at 19.  Accordingly, the district court dismissed with prejudice these portions of Plaintiff's fraud and misrepresentation claims.  *Id*.

The district court did, however, allow Plaintiff to file a motion for leave to file a second amended complaint to allege theories supporting her fraud and misrepresentation claims, other than those based on securitization theory and invalid assignment theory.  *Id*. at 20.  The district court also permitted Plaintiff to

reassert her claims against Citibank.  *Id*. at 23.  Plaintiff timely filed her First Motion for Leave on August 29, 2016.  *See* ECF No. 181-82.

On the same day, Plaintiff filed a Motion and Declaration to Withdraw Plaintiff's Voluntary Dismissal without Prejudice and Vacate Order Dismissing Lehman Brothers FSB and Lehman Brothers Holdings, Inc ("Motion to Vacate Order").  In the Motion to Vacate Order, Plaintiff sought reconsideration of the district court's dismissal of Lehman Brothers due to "newly discovered information that Leman Brothers Holdings [was] still an operational entity."

On September 7, 2016, the district court denied Plaintiff's Motion to Vacate Order.  ECF No. 186.  First, the district court construed Plaintiff's Motion to Vacate Order as a motion for reconsideration of its April 18, 2016 Order, which had dismissed Lehman Brothers from the action.  *Id.* at 2.  Second, the Court found that Plaintiff failed to present any newly discovered evidence which was not available to her at the time she represented that she had not served Lehman Brothers and would not be prosecuting Lehman Brothers.  *Id*. at 7 (citing ECF No. 149).  The Court thus concluded that Plaintiff failed to establish any ground warranting reconsideration of the district court's April 18, 2016 Order, and denied Plaintiff's Motion to Vacate Order.

The district court explained to Plaintiff, however, that if she wished to add Lehman Brothers as defendants, Plaintiff would have to file a motion seeking

an amendment of the Rule 16 Scheduling Order ("Scheduling Order").  The district

court advised Plaintiff that any such request must address the "good cause"

condition required in a motion to amend a scheduling order.  ECF No. 186 at 8-9.

The district court impressed upon Plaintiff that if she chose to file a motion that

sought an amendment of the scheduling order and leave to add Lehman Brothers as

entities, she must file such motion by October 7, 2016.  *Id.* at 9-10.

On October 7, 2016, Plaintiff telephoned Magistrate Judge Kenneth J.

Mansfield's chambers.  Plaintiff represented to chambers that she wished to file an

errata that corrected technical errors in her First Motion for Leave, and requested

permission to file the errata by fax.  With the understanding that the document was

an errata and not a substantive filing, this Court granted Plaintiff leave to file by

fax the errata to her First Motion for Leave.  The document Plaintiff faxed to the

Court on October 7, 2016 at 4:50 PM was in fact, Plaintiff's Second Motion for

Leave.  *See* ECF No. 202-205.

## DISCUSSION

"[T]he grant or denial of an opportunity to amend [a complaint] is

within the discretion of the District Court."  *Foman v. Davis*, 371 U.S. 178, 182

(1962).  "Normally, when a viable case may be pled, a district court should freely

grant leave to amend."  *Cafasso v. General Dynamics C4 Systems,* 637 F.3d 1047,

1058 (9th Cir. 2011) (citation omitted).  Liberality in granting leave to amend must

be restrained, however, by a court's consideration of a number of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" (collectively "*Foman* factors"). *Foman*, 371 U.S. at 182.

For the reasons further discussed below, the Court finds that: (1) the Second Motion for Leave is untimely; and (2) granting Plaintiff leave to file the proposed amended complaint attached to her First Motion for Leave would be futile.

## I.  PLAINTIFF'S SECOND MOTION FOR LEAVE

As an initial matter, the Court finds that Plaintiff's Second Motion for Leave is untimely.  First, the district court granted Plaintiff leave to amend her complaint by October 7, 2016.  Plaintiff represented to the magistrate judge's chambers on October 7, 2016, however, that she wished to file an errata to her First Motion for Leave and that the errata contained only technical changes.  *See* ECF No. 203.  Based on this representation, this Court granted Plaintiff leave to file the errata by faxing the document to the Court.

Although the Court does not believe Plaintiff intentionally intended to deceive this Court, this Court would not have granted Plaintiff leave to file her motion by fax if Plaintiff had accurately advised the Court that the document was

in fact, Plaintiff's Second Motion for Leave, which was permitted pursuant to the

district court's September 7, 2016 Order.

Pro se litigants, like all other litigants before this Court, must abide by

all local, federal, and other applicable rules and/or statutes.  LR83.13.  The district

court's deadline was October 7, 2016.  It would be entirely unfair to Defendants to

permit the filing by fax of what would be an otherwise untimely filing, simply to

assist Plaintiff in circumventing a court deadline.

Accordingly, the Court considers the date the Clerk's office received

Plaintiff's Second Motion for Leave—October 11, 2016—as the actual filing date

of the Second Motion for Leave.  Plaintiff's Second Motion for Leave is thus

untimely and for this reason alone, the Court may deny her motion.  *See Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("court may deny

as untimely a motion filed after the scheduling order cut-off date where no request

to modify the order has been made") (citing *U.S. Dominator, Inc. v. Factory Ship*

*Robert E. Resoff*, 768 F.2d 1099, 1103 (9th Cir. 1985), *superseded on other*

*grounds by* Fed. R. Civ. P. 72).

Notwithstanding Plaintiff's untimely filed motion, even if Plaintiff

had timely filed the Second Motion for Leave, the Court would deny the motion

for failure to request a modification of the Scheduling Order.

Plaintiff's Second Motion for Leave seeks to add Lehman Brothers to the complaint.  As the district court explained in its September 7, 2016 Order, however, the deadline to add parties or amend pleadings was June 26, 2015.  ECF No. 186 at 8.  The district court explained that Plaintiff would thus have to motion for an amendment of the Scheduling Order and address the "good cause" requirement, before requesting leave to add Lehman Brothers as defendants.  *Id.* at 8-9.  Despite these explicit instructions, Plaintiff failed to seek modification of the Scheduling Order before filing her Second Motion for Leave.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded" without peril.  *Johnson,* 975 F.2d at 610.  A court's "decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits" of a case.  *Id.*  A court's disregard of a scheduling order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15."  *Id.*

Federal Civil Procedure Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Instead of requesting modification of the Scheduling Order and demonstrating "good cause,"

however, Plaintiff simply relies on Rule 15(a)'s liberal amendment policy to support her request to add Lehman Brothers as defendants in this action.

Unlike Rule 15(a), Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson* 975 F.2d at 609; *see also* Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) (noting that the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson,* 975 F.2d at 609. Accordingly, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If [the moving] party was not diligent, the inquiry should end." *Id.*

Plaintiff contends in her Second Amended Complaint that "Lehman Brothers was initially named, and subsequently dismissed from the claim because they have no Resident Agent in any state registered for Service of Process." ECF No. 204 at 2. Plaintiff asserts that she seeks to add Lehman Brothers to her complaint because "Defendant Lehman Brothers has been found and discovered to be doing business in spite of conventional wisdom that they were bankrupted by the 2008 banking crisis, and thought to have subsequently ceased doing business as a mortgage lender and holder." *Id.* Plaintiff does not, however, seek modification of the Scheduling Order anywhere in the Second Motion for Leave nor does she

13

demonstrate diligence sufficient to meet the "good cause" requirement of Rule 16(b).

On March 10, 2016, based on Plaintiff's failure to serve Lehman Brothers, the district court ordered her to show cause as to why the court should not dismiss her claims against Lehman Brothers.  ECF No. 148 at 2.  In response, Plaintiff reported on March 31, 2016, that she believed that Lehman Brothers was not a viable defendant in this action because the business had terminated.  ECF No. 149 at 2.  Nearly five months later, she purported to have discovered that Lehman Brothers was still operating and in business.  *See* ECF No.184 at 2.  When the court again provided her an opportunity to request an amendment to the Scheduling Order to add Lehman Brothers, Plaintiff untimely and improperly filed a motion requesting leave to add Lehman Brothers, despite being given a month to file a proper motion seeking to modify the Scheduling Order.

It is Plaintiff's burden to prosecute her case properly.  *Johnson*, 975 F.2d at 610.  The Court has provided Plaintiff multiple opportunities and sufficient time to ensure that the proper defendants were named in this action. Notwithstanding these opportunities and ample guidance from the district court, including explicit instructions to file a motion to amend the scheduling order, Plaintiff failed to request a modification of the Scheduling Order before filing the Second Motion for Leave.  *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d

604, 609 (9th Cir. 1992) (rejecting the Fifth and Tenth Circuit's approach of considering a motion to amend the complaint as a motion to amend the scheduling order, and reiterating the Ninth Circuit's approach of requiring a party to specifically request that the court modify its scheduling order).

Under these circumstances, even if the Court were to construe Plaintiff's Second Motion for Leave to include a motion to amend the scheduling order, the Court finds that Plaintiff fails to demonstrate any diligence in meeting the Scheduling Order deadlines. *See* 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Accordingly, the Court DENIES Plaintiff's Second Motion for Leave.

## II. PLAINTIFF'S FIRST MOTION FOR LEAVE

As explained above, a court's decision to grant or deny a motion for leave to amend is guided by the *Foman* factors. Futility alone, however, can justify the denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "When a court denies leave to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a [Federal Civil Procedure] Rule 12(b)(6) motion." *Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc*., No. CIV. 11-00515 SOM, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013). "Thus, the 'proper test to be applied

when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Nordyke v. King*, 644 F.3d 776, 788 n. 12 (9th Cir. 2011) (quoting *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

The Court has denied Plaintiff's Second Motion for Leave. Accordingly, any references hereinafter to the proposed complaint will be to the complaint submitted with Plaintiff's First Motion for Leave.  *See* ECF No. 182. The Court has carefully reviewed Plaintiff's proposed complaint and finds that the proposed amendment is futile.

A.  Plaintiff's Claims Fail Under Rule 9(b)

Similar to Plaintiff's September 28, 2015 Amended Complaint, Plaintiff's proposed complaint alleges intentional misrepresentation and fraud. *See, e.g.*, ECF No. 182 at 17 ("Defendants KNOWINGLY and INTENTIONALLY signed, instructed the signing and/or authorized the signing of the following fabricated and falsified documents.").  As explained by the district court, an intentional misrepresentation claim sounds in fraud.  *See* ECF No. 174 at 13-14 (citing *Barber v. Ohana Military Communities, LLC*, Civil No. 14-00217 HG-

16

KSC, 2014 WL 3529766, at *11 (D. Haw. July 15, 2014) (noting that, under

Hawai'i law, a fraud claim and an intentional misrepresentation claim are the

same).

"To prevail on a fraud claim, a plaintiff must demonstrate (1) that

false representations were made by the defendant, (2) with knowledge of their

falsity (or without knowledge of their truth or falsity), (3) in contemplation of

plaintiff's reliance upon them, and (4) that the plaintiff detrimentally relied on

them." *Pac. Stock, Inc. v. Pearson Educ., Inc.*, 927 F. Supp. 2d 991, 1003-04 (D.

Haw. 2013) (citing *Hawaii's Thousand Friends v. Anderson*, 70 Haw. 276, 286,

768 P.2d 1293, 1301 (1989)).  In addition, where fraud is alleged, the pleading

requirements of Federal Rule of Civil Procedure 9(b) apply to the claim regardless

of whether the claim is based on federal or state law.  *Vess v. Ciba–Geigy Corp.*

*USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

Rule 9(b) states: "In alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."  A plaintiff must

therefore, allege the "time, place, and content of the fraudulent representation;

conclusory allegations do not suffice." *Shroyer v. New Cingular Wireless*

*Services, Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) citing (*Moore v. Kayport*

*Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).  "Claims made on

information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Id.*

In addition, in fraud actions where there are multiple defendants such as the instant action, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together[.]" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff alleging claims sounding in fraud must differentiate his/her allegations and "inform each defendant separately of the allegations surrounding [their] alleged participation in the fraud." *Id.* at 764-65. "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* at 765 (internal brackets omitted) (citing *Moore*, 885 F.2d at 541).

Plaintiff's misrepresentation and fraud claims fail to meet the heightened requirements of Federal Civil Procedure Rule 9(b).

First, the Court finds that Plaintiff fails to state with particularity the circumstances constituting the alleged fraud Defendants perpetrated in connection to Plaintiff's Mortgage and Note. Plaintiff alleges: "All Defendants, working in conjunction with each other, were participants in the fabrication and falsification of documents. The misrepresentation and fraudulent events took place at different times, by different individuals in different locations involved in the document fabrication." ECF No. 182 at 17. Plaintiff then refers to a confusing timeline that

does nothing to further elucidate the fraud she alleges.  Instead, the timeline makes

conclusory allegations regarding several signatures, stamps, and endorsements,

executed by individuals that are not named in this action, but "who may or may not

be agents of MERS, Lehman Brothers or Citibank N.A. or some other entity yet to

be determined."  ECF No. 182 at 14.

A plaintiff's allegations of fraud must be "specific enough to give

defendants notice of the particular misconduct which is alleged to constitute the

fraud charged so that they can defend against the charge and not just deny that they

have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.

1985).  Plaintiff's proposed complaint, however, lacks allegations specific enough

to give Defendants notice of their particular misconduct.  Accordingly, Plaintiff

fails to allege her fraud claims with the requisite level of particularity required by

Rule 9(b).

The Court also finds that Plaintiff fails to identify the role of each

defendant in the alleged fraudulent scheme.  Plaintiff alleges that Defendants and

"individuals placing signatures on documents each played a part in the fabrication

and falsification of documents filed in state and federal court, resulting in damages

to Plaintiff as well as fraud upon the court."  ECF No. 182 at 8.  Plaintiff then

repeatedly states throughout the proposed complaint that she is uncertain if the

individuals who allegedly fabricated and falsified the loan document were in fact

Defendants' agents.  *See e.g.* ECF No. 182 at 14 ("**It has not yet been determined in what capacity or under what agency individuals signed, whether the persons who signed or affixed stamped signatures are the actual persons whose signatures appear, nor has it yet been determined who the signers are agents of, if they signed as authorized agents. The signers may or may not be agents of MERS, Lehman Brothers or Citibank N.A. or some other entity yet to be determined**.") (emphasis in original); ECF No. 182 at 16 ("**Similarly, it is very possible that the signers of Verifications, Declarations and indorsers of the alleged Note(s) are agents of MERS, or an entity other than what is recited by or under their names and signatures**.") (emphasis in original).

Plaintiff's repeated statements that she is uncertain about what capacity and for which Defendant the individuals who allegedly participated in the fraud demonstrate that Plaintiff does not know the proper defendant to name in this action.  Plaintiff's proposed complaint repeatedly lumps together her claims against the Lehman Brothers, which had already been dismissed from the action when she had filed her First Motion for Leave, with her claims against Citibank and MERS, and fails to explain each Defendant's specific roles in the alleged fraud.

As explained above, Rule 9(b) demands that allegations of fraud "be specific enough to give defendants notice of the particular misconduct . . . so that

they can defend against the charge and not just deny that they have done anything wrong." *In re Lui*, 646 Fed. Appx. 571, 573 (9th Cir. 2016) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation marks omitted)). Plaintiff herself appears to be unclear about the role each Defendant played in the fraud she alleges; thus, she is unable give Defendants sufficient notice of their specific role in the fraud.

Accordingly, the Court finds that not only does Plaintiff fail to allege her fraud claim with the requisite particularity required under Rule 9(b), but that she fails to identify the role of each Defendant in the alleged fraud.  Accordingly Plaintiff fails to meet the heightened pleading requirement under Rule 9(b) and thus, her misrepresentation and fraud claim could not withstand a Rule 12(b) motion.

**B.   Permitting Plaintiff Leave to Amend Would be Futile**

Even if this Court were to give Plaintiff leave to amend her complaint to state with more particularity the circumstances constituting the alleged fraud, the Court finds that permitting Plaintiff leave to amend her complaint would be futile. The Court finds that there are no set of facts that can be proved under the proposed complaint that would constitute a valid and sufficient claim.

First, the Court finds that Plaintiff's claims are not plausible.  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

reasonable inferences from that content, must be plausibly suggestive of a claim

entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th

Cir. 2009).  The sheer possibility that a defendant has acted unlawfully is not

sufficient to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility

of 'entitlement to relief.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557

(2007)).  "A claim has facial plausibility when the pleaded factual content allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 663.

Here, the allegations in the proposed complaint do not contain

sufficient non-conclusory factual content plausibly suggestive of a claim entitling

Plaintiff to relief.

Plaintiff's September 2015 Amended Complaint was premised on the

theory that Charter Capital had falsified the 2005 loan documents and had

improperly assigned the loan to Nationstar.  Plaintiff's new theory in this proposed

complaint is that the loan documents related to her 2005 refinance loan with

Charter Capital were fabricated and falsified documents that "may have been

signed my [sic] agents of MERS, Lehman Brothers, or Citibank."  ECF No. 182 at

5.

Plaintiff asserts that Defendants knowingly and intentionally signed, instructed the signing, and or/authorized the signing of these loan documents.  *Id.* at 7.  *See also* ECF No. 8-9 ("Plaintiffs claims are based on the fact that there was no loan, mortgage or note to Charter, MERS, or to their 'successors or assigns'. These documents are falsified, fabricated documents that are neither true nor authentic.  All the Defendants participated together, in conjunction with each other to create fabricated falsified documents filed in court.").  Plaintiff admits that she owes a debt to "someone," but that she never had a loan with the "Defendants in this lawsuit."  *Id.* at 6.  Plaintiff thus contends that MERS Defendants, Lehman Brothers, and Citibank falsified the loan documents.

The loan documents Plaintiff insists Defendants fabricated, however, were entered into solely between Charter Capital and Plaintiff.  *See* ECF Nos. 157-2, 157-3.  Plaintiff alleges that Defendants did not become parties to the disputed Mortgage and Note until sometime after 2010.  *See* ECF No. 182 at 9 (stating that Plaintiff received a letter in November 2010 that Citibank was the owner of her debt); *Id.* at 10 (alleging that the Note "had no Lehman Brothers indorsements whatsoever until undated indorsement stamps were affixed by someone, sometime after 2/25/2014"); *Id.* at 13 (stating that the disputed signatures and stamps allegedly placed by Lehman Brothers and MERS occurred between 2/25/2014 and

7/24/2015).  Plaintiff nonetheless maintains that Defendants are responsible for falsifying the 2005 loan documents.

The Court finds that these allegations are tenuous and fail to plausibly suggest a claim for relief.  Plaintiff fails to allege any non-conclusory facts that would allow this court to draw the reasonable inference that Defendants are liable for falsifying and fabricating loan documents that they were never parties to, and that they are liable for a foreclosure action that they were never parties to.  As explained above, Plaintiff fails to provide any factual allegations regarding Defendants' participation until 2010, five years after the disputed Mortgage and Loan was executed.

Accordingly, the Court finds that Plaintiff's misrepresentation and fraud, and unjust enrichment claims against Defendants are futile.  *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Finally, the Court is not convinced that the allegations in this proposed complaint are not based on securitization theory and invalid assignment theory.  The allegations in the proposed complaint referring to the "fabricated and falsified documents" more accurately appear to be related to the securitization and/ or assignment of Plaintiff's refinance loan.

24

"Securitization describes the process by which large numbers of home loans are 'pooled into a trust and converted into mortgage-backed securities that can be bought and sold by investors.'" *Diamond v. Wells Fargo Bank, N.A.*, No. CV-14-00975-PHX-SPL, 2015 WL 9691031, at *4 (D. Ariz. June 30, 2015) (citing *Steinberger v. McVey ex rel. Cnty. of Maricopa,* 318 P.3d 419, 427 n.9 (Ariz. Ct. App. 2014)).  Although Plaintiff has removed the term "securitization" from her proposed complaint, all of her claims are nonetheless premised on either the securitization of her loan or Charter Capital's assignment of her loan.  In fact, a majority of the allegations are related to signatures and stamps that occurred five years after her disputed 2005 loan with Charter Capital.  *See* 182 at 6 ("Plaintiff denies the alleged Note and Mortgage to Charter and the Assignment of Mortgage that followed, and OBJECTS to their use as evidence."); *Id*. at 7 ("The authenticity of the alleged Mortgage, the alleged Assignment of Mortgage and alleged Note(s), and the verifications, are disputed material facts in this case."); *Id*. at 10-13 (providing a timeline of Defendants' fraud, which does not begin until after 2010).

As explained by the district court, "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action."  ECF No. 174 at 17 (citing *Rodenhurst v. Bank of Am.*, 773 F.Supp.2d 886, 898 (D. Haw. 2011).  The district court concluded that it was "absolutely clear that no amendment can cure the defects in the portions of Plaintiff's claims based on

the MERS Defendants' participation in the securitization of Plaintiff's loan and their role in the Nationstar Assignment." *Id.* at 19. The district court explicitly dismissed with prejudice those portions of Plaintiff's fraud and misrepresentation claims based on these theories.

Accordingly, to the extent that Plaintiff's claims are predicated on the theory that Defendants participated in fabricating and falsifying Charter Capital's 2005 Mortgage and Note, the Court finds that these claims are not plausible. To the extent Plaintiff continues to assert claims based on securitization and invalid assignment theory, the Court finds that these claims have been dismissed with prejudice and are thus, not viable as valid claims against these Defendants in this action.

The district court's discretion to deny leave to amend is particularly broad where a plaintiff "has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims[.]" ECF No. 112 at 14 (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (denying leave to amend because of "repeated failure to cure deficiencies"). Plaintiff fails yet again to add the requisite particularity to her claims required by the Federal Rules of Civil Procedure. In addition, the Court finds that Plaintiff is unable to save her complaint by any amendment because her allegations are not

plausibility suggestive of a claim for relief.  This Court thus declines to provide Plaintiff another opportunity to amend.  Accordingly, this Court RECOMMENDS that the district court DENY Plaintiff leave to amend and DISMISS this action with prejudice.

CONCLUSION

The Court DENIES Plaintiff's Motion for Leave to File Third Amended Complaint filed on October 11, 2016.  In addition, the Court FINDS that the proposed amended complaint attached to her August 29, 2016 Motion for Leave of Court to File a Third Amended Complaint and Request for Judicial Notice of the Court's Own Record is futile.  The Court thus RECOMMENDS that the district court DENY the August 29, 2016 Motion for Leave of Court to File a Third Amended Complaint and Request for Judicial Notice of the Court's Own Record.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, December 30, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Janeece Fields v. Nationstar Mortgage LLC*; CV 15-00015 LEK-KJM; (1) ORDER DENYING [204] MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; AND (2) FINDINGS AND RECOMMENDATION TO DENY [181] PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A THIRD AMENDED COMPLAINT AND REQUEST FOR JUDICIAL NOTICE OF THE COURT'S OWN RECORD