IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANEECE FIELDS, | CIVIL 15-00015 LEK-KJM |
| Plaintiff, | |
| vs. | |
| NATIONSTAR MORTGAGE LLC; CHARTER CAPITAL CORPORATION; AURORA LOAN SERVICING LLC; AURORA BANK; STRUCTURED ASSETS SECURITIES CORPORATION, aka SASCO; CITIBANK N.A. AS TRUSTEE FOR THE SASCO MORTGAGE PASS-THROUGH CERTIFICATES 2005-17 POOL GROUP 4; LEHMAN BROTHERS HOLDINGS INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, aka MERS; MERSCORP HOLDINGS, INC.; and DOE ENTITIES 1-5O, | |
| Defendants. | |

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND MERSCORP HOLDINGS, INC. WITH PREJUDICE; AND ORDER DIRECTING DEFENDANT CITIBANK N.A. TO RESPOND TO THE AMENDED COMPLAINT**

On September 28, 2015, pro se Plaintiff Janeece Fields ("Plaintiff") filed her First Amended Complaint for Fraud & Misrepresentation ("Amended Complaint"). [Dkt. no. 83.] On July 28, 2016, this Court issued its Order Granting in Part and Denying in Part MERS Defendants' Motion to Dismiss [ECF No. 83] Plaintiff's First Amended Complaint for Fraud & Misrepresentation, Filed September 28, 2015 ("7/28/16 Order").

[Dkt. no. 174.]

In the 7/28/16 Order, this Court dismissed Plaintiff's claims against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc. ("MERSCORP," collectively "MERS Defendants"). The dismissal of the portions of Plaintiff's claims based on the MERS Defendants' participation in the securitization of Plaintiff's loan and the MERS Defendants' role in the assignment of her mortgage from Defendant Charter Capital Corporation ("Charter Capital") to Defendant Nationstar Mortgage LLC ("Nationstar") was with prejudice.[1] The dismissal of all other portions of Plaintiff's claims against the MERS Defendants was without prejudice. [7/28/16 Order at 22-23.]

---

[1] On December 10, 2015, the parties who had appeared in the action by that time stipulated to dismiss with prejudice the claims in the Amended Complaint against Charter Capital. [Dkt. no. 133.] On March 9, 2016, Plaintiff and Nationstar stipulated to dismiss with prejudice the claims in the Amended Complaint against Nationstar. [Dkt. no. 146.]

In the April 18, 2016 Order Regarding Responses to March 10, 2016 Order to Show Cause ("4/18/16 Order"), this Court dismissed Plaintiff's claims against Defendants Aurora Loan Servicing LLC ("Aurora Servicing"), Aurora Bank, Structured Assets Securities Corporation, also known as SASCO ("SASCO"), and Lehman Brothers Holdings Inc. ("Lehman Brothers") and directed the Clerk's Office to terminate them as parties. [Dkt. no. 156.] On August 29, 2016, Plaintiff filed a document that this Court construed as: 1) a motion for reconsideration of the 4/18/16 as to Lehman Brothers; and 2) a motion for leave to amend Plaintiff's then-current pleading to add Lehman Brothers Holdings Inc. and Lehman Brothers FSB (collectively "Lehman entities") as defendants. [Dkt. no. 184.] This Court denied both motions in an order filed on September 7, 2016 ("9/7/16 Order"). [Dkt. no. 186.]

This Court gave Plaintiff leave to file a motion seeking leave to file a second amended complaint that: 1) cured the defects in her claims against the MERS Defendants; and 2) reasserted her claims against Defendant Citibank N.A., as Trustee for the SASCO Mortgage Pass-Through Certificates 2005-17 Pool Group 4 ("Citibank"). [Id. at 23.]

On August 29, 2016, Plaintiff filed a Motion for Leave of Court to File a Third Amended Complaint and Request for Judicial Notice of the Court's Own Record ("First Motion for Leave"). [Dkt. no. 181.] On October 11, 2016, Plaintiff filed a Motion for Leave to File Third Amended Complaint ("Second Motion for Leave").[2] [Dkt. no 204.] The First Motion for Leave sought leave to file a new complaint in which Plaintiff attempted to address the defects in her claims against the MERS Defendants, and the Second Motion for Leave sought leave to file a new complaint adding the Lehman entities as defendants. On December 30, 2016, the magistrate judge issued a document that was both his order denying the Second Motion for Leave and his findings and recommendation that this Court deny the First Motion

---

[2] Plaintiff presumably titled her proposed complaint in the First Motion for Leave and the Second Motion for Leave "Third Amended Complaint" because she previously filed a Motion for Leave of Court to File a Second Amended Complaint, and a proposed Verified Second Amended Complaint. [Filed 12/15/15 (dkt. nos. 135, 136).] However, that motion was terminated with a ruling on the merits because Plaintiff reached a settlement with Charter Capital and Nationstar.

for Leave.[3]  [Dkt. no. 220.]  There were no objections to the 12/30/16 F&R and, on January 18, 2017, this Court issued an order adopting the 12/30/16 F&R.  [Dkt. no. 221.]

I. **MERS Defendants**

Because Plaintiff's First Motion for Leave has been denied, there is no pending complaint against the MERS Defendants, and Plaintiff has not cured the defects in the Amended Complaint's claims against the MERS Defendants that this Court identified in the 7/28/16 Order.  This Court therefore has the discretion to dismiss Plaintiff's claims against the MERS Defendants with prejudice.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[4]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[5] this Court

---

[3] This Court will refer to the findings and recommendation portion of the December 30, 2016 filing as the "12/30/16 F&R."

[4] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[5] The Ninth Circuit has

> identified five factors that a district court must
> (continued...)

4

finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, this Court finds that the remaining defendants will not be prejudiced by the dismissal of the MERS Defendants, and there are no less drastic alternatives available at this time.

The claims against the MERS Defendants in Plaintiff's Amended Complaint, which this Court previously dismissed without prejudice, are HEREBY DISMISSED WITH PREJUDICE.  This Court DIRECTS the Clerk's Office to terminate the MERS Defendants as parties.

## II.  Citibank

The Amended Complaint named Citibank as one of the defendants.  On July 6, 2016, Plaintiff obtained a Clerk's Entry of Default against Citibank.  [Dkt. no. 172.]  In August 2016, Plaintiff filed two documents that the magistrate judge construed collectively as a motion for default judgment against Citibank

---

[5](...continued)
consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

("Motion for Default Judgment").  <u>See</u> dkt. no. 194 (construing Plaintiff's dkt. nos. 175 and 183).  On October 6, 2016, Citibank filed a Motion to Set Aside Entry of Default ("Motion to Set Aside").  [Dkt. no. 200.]  On November 1, 2016, the magistrate judge issued a document that was both his order granting the Motion to Set Aside and his findings and recommendation that this Court deny the Motion for Default Judgment.[6]  [Dkt. no. 208.]  There were no objections to the 11/1/16 F&R and, on January 19, 2017, this Court issued an order adopting the 11/1/16 F&R.  [Dkt. no. 222.]

Although the First Motion for Leave has been denied, Plaintiff's claims against Citibank in the Amended Complaint remain.  In the 7/28/16 Order, this Court expressly stated that it made no findings or conclusions regarding the merits of Plaintiff's claims in the Amended Complaint against Citibank.  [7/28/16 Order at 5 n.7.]  This Court also stated that Plaintiff's claims against Citibank were not affected by the 7/28/16 Order.  [<u>Id.</u> at 23.]  Apparently in light of the complex procedural history of Plaintiff's pleadings in this case, Citibank neither answered the Amended Complaint nor filed a Fed. R. Civ. P. 12 motion.

This Court therefore ORDERS Citibank to file either an

---

[6] This Court will refer to the findings and recommendation portion of the November 1, 2016 filing as the "11/1/16 F&R."

answer to the Amended Complaint or a Rule 12 motion by **February 9, 2017.**

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, January 19, 2017.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**JANEECE FIELDS VS. NATIONSTAR MORTGAGE, LLC, ET AL; CIVIL 15-00015 LEK-KJM; ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND MERSCORP HOLDINGS, INC. WITH PREJUDICE; AND ORDER DIRECTING DEFENDANT CITIBANK N.A. TO RESPOND TO THE AMENDED COMPLAINT**